■ E.T. & B.R.L. OF CENTRAL NEW YORK, LTD., Respondent, v ARTHUR J. TYLL, Appellant.—Mercure, J. Appeals from a judgment and resettled judgment of the Supreme Court (Plumadore, J.), entered April 26, 1991 and September 24, 1991 in Saratoga County, which, *inter alia,* granted plaintiff specific performance of a contract.

The parties entered into a contract dated December 18, 1989, under the terms of which plaintiff was to construct a residence on real property then owned by it and, upon completion, convey the improved property to defendant for the total price of $589,000, plus the cost of extras and upward adjustments on allowances, if any. Defendant paid plaintiff deposits totaling $196,333, which were secured by a second mortgage on the property, executed by plaintiff in favor of defendant in order "to secure [plaintiff's] performance [under the contract]". Transfer of title and payment of the $392,667 balance of the purchase price was to take place "on or about thirty (30) days following the issuance of a Certificate of Occupancy for the improvements to be constructed by [plaintiff]". It is undisputed that a certificate of occupancy was issued on or about July 25, 1990. When title had not closed as of September 26, 1990, plaintiff commenced this action seeking, *inter alia,* specific performance of the contract. Plaintiff ultimately moved for summary judgment for the relief demanded in the amended complaint. Supreme Court granted the motion and by resettled judgment entered September 24, 1991 (1) required defendant, within 30 days following service upon defendant's counsel of the judgment with notice of entry, to pay plaintiff the balance of the purchase price, together with interest from March 27, 1991, and to execute a discharge of the outstanding mortgage from plaintiff to defendant, (2) awarded plaintiff damages of $17,312 for agreed-upon "extras" under the con-

tract and left determination of additional damages for further proceedings, and (3) granted plaintiff the right to immediately list the property and, upon defendant's failure to pay the balance of the purchase price within the time allowed therefor, to sell the same, in which event plaintiff may apply for a discharge of the mortgage from plaintiff to defendant. Defendant appeals.

There should be an affirmance. The contentions advanced by defendant lack merit and do not warrant extended discussion. First, the contention that defendant did not breach the contract is contrary to the evidence submitted on the motion and avoids the real issue of whether plaintiff established its substantial and reasonable performance of the contract and, thus, its entitlement to specific performance *(see, Bowen v Horgan,* 259 NY 267; 96 NY Jur 2d, Specific Performance, § 23, at 312-313). The record establishes plaintiff's full and timely performance of the contract and defendant's unjustifiable refusal to close title, abetted to a large extent by defendant's counsel. Second, the challenge to plaintiff's yet unascertained additional damages is premature. We note, however, that Supreme Court is empowered, in addition to decreeing specific performance, to award such legal damages as have resulted from defendant's delay in performing the contract *(see,* 91 NY Jur 2d, Real Property Sales and Exchanges, § 211, at 498-499; 96 NY Jur 2d, Specific Performance, § 78, at 422-423). Defendant's remaining point has been considered and is rejected.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the appeal from the judgment is dismissed, as academic. Ordered that the resettled judgment is affirmed, with costs.